168 Cal.App.2d Supp. 785 (1959)
335 P.2d 1048
ANGIE D. CIANCETTI, Respondent,
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant.
Docket No. 63.
Court of Appeals of California, Appellate Department, Superior Court, Fresno.
February 10, 1959.
Harold A. Parichan for Appellant.
John D. Chinello for Respondent.
*786 DeWOLF, J.
Plaintiff owned and operated a furniture store. On the 19th of April, 1954, plaintiff had issued to her a fidelity bond by the defendant company. In the bond the defendant agreed to reimburse to plaintiff any money losses which were due to misappropriation by any of her employees after the effective date of the bond.
In the month of June, 1954, plaintiff discovered that one Charles Tobin, an employee of hers, had misappropriated $769.26 between the dates of April 19, 1954, and June 12, 1954. Plaintiff thereupon filed her claim for this sum with defendant and demanded that defendant reimburse her in accordance with the terms of the bond. When defendant refused to pay this sum, plaintiff filed an action in the lower court, and, from a judgment in her favor, the defendant prosecutes this appeal.
[1] The defendant does not deny that Charles Tobin misappropriated the money claimed, but bases its refusal to pay on the ground that the bond states that it is subject to the following condition and limitation:

"PRIOR FRAUD OR DISHONESTY.
"Section 14. No Employee, to the best of the knowledge of the insured, or of any partner or officer thereof not in collusion with such Employee, has committed any fraudulent or dishonest act in the service of the insured or otherwise."
It is defendant's contention that plaintiff, at the time the bond was issued to her, on April 19, 1954, had knowledge of the fact that Charles Tobin, while in her employment, had committed a dishonest act in the month of February, 1954. Defendant urges that the evidence is susceptible of no other interpretation, and, consequently, the judgment of the lower court should be reversed.
The salient facts adduced before the trial court are as follows: that Charles Tobin was employed by plaintiff as a salesman and bookkeeper in plaintiff's furniture store business; that Charles Tobin in the ordinary course of his duties as plaintiff's employee had access to the petty cash in the petty cash drawer; that the money in the petty cash drawer belonged to plaintiff; that plaintiff instructed Tobin that he was not to borrow money from the petty cash drawer; that in February, 1954, at a time subsequent to her instruction to Tobin not to borrow from the petty cash drawer, plaintiff noticed a duplicate freight bill for the sum of 20 dollars in the petty cash drawer; that she checked the records and discovered the freight bill had been paid; that she then questioned Tobin *787 about the duplicate freight bill; that Tobin at first denied taking any money from the petty cash drawer, but later admitted he had taken 20 dollars from the petty cash drawer and had replaced it with the duplicate freight bill to cover the shortage; that Tobin then paid back the 20 dollars to the plaintiff.
Plaintiff further testified that she did not consider what Tobin had done amounted to a dishonest act, but that she thought Tobin had just borrowed the money.
This court is unable to agree with plaintiff's conclusion that Tobin's conduct was not dishonest. Tobin, while in the course of his employment, fraudulently appropriated to his own use 20 dollars which belonged to plaintiff and which had come into his care by virtue of his employment as a servant of plaintiff. This is a description of the crime of embezzlement as defined in section 508 of the Penal Code. Nor is the criminal character of the act changed by the fact that Tobin returned the 20 dollars to plaintiff (Pen. Code, § 513).
Section 14 of the bond gives to the defendant a good defense if, according to the best knowledge of the plaintiff, she knew of prior dishonest acts on the part of Tobin. Plaintiff knew of Tobin's prior embezzlement. Her statement that she did not consider his acts to be dishonest can in no way change an act of embezzlement into an act of borrowing. It also might be well to note that before Tobin could borrow plaintiff had to be lending. That Tobin was not borrowing and plaintiff was not lending is conclusively shown by plaintiff's own testimony at the trial that she had specifically forbidden Tobin from borrowing money from the petty cash drawer. It follows then that when Tobin took the money contrary to plaintiff's instructions, he was not borrowing  he was embezzling.
We conclude, therefore, that there is no evidence in the record before us which will support the trial court's judgment.
The judgment appealed from is ordered reversed.
Conley, P.J., and Popovich, J., concurred.